**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD THOMPSON<br>410 N. Ramunno Dr.<br>Unit #404<br>Middletown, DE 19709<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GANTER CONTRACTOR'S, INC.<br>595 E. Pumping Station Rd.<br>Quakertown, PA 18951<br>and<br>RGC SERVICES, INC.<br>595 E. Pumping Station Rd.<br>Quakertown, PA 18951<br><br>Defendants. | CIVIL ACTION<br><br>No.:________________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Richard Thompson, by and through his undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Robert Ganter Contractor's Inc. and RGC Services, Inc. (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) of the American's with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), and the Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff has also initiated

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and ADEA. Plaintiff's PHRA claims however will mirror her federal claims under the ADA and ADEA.

this instant action to redress violations by Defendants of the Family Medical Leave Act ("FMLA"). Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA and the ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Robert Ganter Contractor's Inc. is one of the largest contractors in the tri-state area engaging in commercial roofing, sheet metal, waterproofing and emergency repairs.

9. Defendant RGC Services, Inc. is a full service roofing maintenance company.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, advertisement, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 63-year-old male.

14. Plaintiff was hired by Defendants on or about September 1, 2013 as an "Equipment Manager."

15. When Plaintiff began employment with Defendants, he was primarily handling all aspects of Defendants' equipment; however, as time progressed, Plaintiff began performing additional duties, including but not limited to scheduling drivers, purchasing, and handling maintenance/inspection issues and was often the last employee to leave the building.

16. At all relevant times herein, Plaintiff was supervised by Robert Ganter (Owner - *hereinafter* "RG"), Donna Ganter (Owner/President - *hereinafter* "DG"), and Brian Wenhold (Controller).

17. Throughout his tenure with Defendants, Plaintiff was a hard-working and dedicated employee who lacked a significant and/or progressive disciplinary history.

18. Plaintiff has and continues to suffer from various mental and physical disabilities, including but not limited to depression, osteoarthritis of both knees, osteoarthritis of both hips, gout, carpal tunnel, and a reflux disease (among other health conditions).

19. Plaintiff's aforesaid medical conditions, at times, limits his ability to perform some daily life activities, including but not limited to sleeping, engaging in social interaction, working, and performing manual tasks.

20. Despite Plaintiff's disabilities (discussed *supra*), he was still able to perform the essential functions of his job with Defendants; however, Plaintiff did require reasonable medical accommodations at times, including but not limited to intermittent and block medical leave.

21. Plaintiff's requests for intermittent medical leave (which continued up and through the time of his termination – discussed *infra*) primarily related to his diagnosis of depression, which often times made it difficult for Plaintiff to report to work. Therefore, Plaintiff would request intermittent days off and/or the ability to come in late when suffering a flare-up of depression.

22. In addition to taking intermittent time off (primarily for his depression), Plaintiff also requested a block medical leave in or about March of 2016 to undergo hip replacement surgery and recover from said surgery.

23. In response to Plaintiff's request for a medical leave of absence in March of 2016, DG responded by telling Plaintiff to take a week vacation "and then we will go from there."

24. While Plaintiff was not fully healed, he return to work approximately 8 work days after his surgery in fear of losing his job (due to the animosity he had been subjected to as a result of his other health conditions and medical absenteeism – discussed *infra*).

25. Furthermore, in the months leading up to his termination, Plaintiff informed Defendants' management, including but not limited to DG that he would need both his right and left knee replaced in the near future.

26. Despite being aware of his aforesaid serious health conditions and need for time off related to same, Defendants' management did not properly inform Plaintiff of his individualized FMLA rights; thus, Defendants failed to follow proper notice, designation, and informational regulations of the FMLA.

27. Instead of providing Plaintiff notice of his individualized FMLA rights, Defendants' management instead subjected him to hostility and animosity pertaining to his need for block/intermittent time off and/or the ability to come in late on occasion when suffering a flare-up of his depression.

28. For example, in or about June of 2015, DG presented Plaintiff with a "Wellness Action Plan" that she had created. On this "Wellness Action Plan" DG states "We would like to see improvement in Richard's absenteeism due to his depression. My expectations are that within one-year (1)'s time, Richard is able to manage his depression without any, or at the very least minimal, lost worktime [sic]."

29. By way of further example, DG would consistently tell Plaintiff that "depression is not a disease, it is a condition."

30. On or about October 24, 2017, Plaintiff was abruptly terminated by RG.

31. When Plaintiff questioned why he was being terminated from his employment with Defendants, RG responded by stating: "you are never here and you come and go as you please." RG then told Plaintiff to "GET OUT" of the office and that DG would be in touch with him.

32. When corresponding with DG via e-mail, Plaintiff was informed by DG that he had been terminated by Defendants due to "Inconsistent work hours; Less than favorable repore [sic] with coworkers; Deteriorating job performance."

33. The reasons for Plaintiff's termination are completely pretextual as *inter alia* (1) Defendants' reference to "Inconsistent work hours" clearly relates to Plaintiff's need for intermittent time off, which should have been protected under the ADA and FMLA; (2) Plaintiff was never informed in advance of his termination that he had unfavorable rapport with co-workers, nor was he ever issued any written discipline regarding same; and (3) Plaintiff was never given any written discipline regarding his so-called "deteriorating job performance."

34. Upon information and belief, following his termination, Plaintiff was replaced by a much younger individual.

35. Plaintiff believes and therefore avers that he was terminated in violation of the ADA, FMLA, and ADEA.

**First Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as amended ("ADA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation [3] Hostile Work Environment; [4] Failure to Accommodate)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected his ability to perform some daily life activities – discussed *supra*.

38. Plaintiff requested reasonable accommodations from Defendants, including but not limited to block medical leave, intermittent medical leave, and/or the ability to come in late on occasion.

39. In response to Plaintiff's health conditions and need for accommodations, Plaintiff was subjected to animosity and hostility by Defendants' management, including but not limited to negative comments regarding his health conditions.

40. On or about October 24, 2017, Plaintiff was terminated from his employment with Defendants for the pretextual reasons outlined above.

41. It is believed and therefore averred that Plaintiff was subjected to a hostile work environment and ultimately terminated from Defendants because of: (1) his known and/or perceived disabilities; (2) his record of impairment; and/or (3) because he requested accommodations.

42. Plaintiff also believes and therefore avers that he was terminated as a result of Defendants' refusal to accommodate his disabilities.

43. These actions as aforesaid constitute violations of the ADA, as amended.

**Second Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

46. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

47. Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

48. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

49. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

50. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) by considering Plaintiffs FMLA leave needs in making the decision to terminate him; (3) failing to follow proper notice, designation, and informational regulations of the FMLA; and/or (4) making negative comments to and/or engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

50. These actions as aforesaid constitute violations of the FMLA.

**Third Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff believes and avers herein that Defendants terminated his employment because of his advanced age.

53. These actions as aforesaid constitute unlawful retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: November 20, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Richard Thompson | : | CIVIL ACTION |
| v. | : | |
| Robert Ganter Contractor's, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11/20/2018 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 410 N. Ramunno Drive, Unit #404, Middletown, DE 19709

Address of Defendant: 595 E. Pumping Station Road, Quakertown, PA 18951

Place of Accident, Incident or Transaction: Defendants place of business

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/20/2018 ______ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/20/2018 ______ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THOMPSON, RICHARD

(b) County of Residence of First Listed Plaintiff: New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

ROBERT GANTER CONTRACTOR'S, INC., ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAXES**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE 11/20/2018 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Print Save As... Reset